48,960-07

August 1, 2015

CLERK
P.O. Box 12547
AUSTIN, TEXAS
78711-2547

FROM:
LORD HARLECH OSBY
1430910-TDCJ-CID No.
264 FM 2478
HUNTSVILLE, Texas
77320-3322

RE:Motion for Leave to File Writ of Mandamus, Petition for Writ of
Mandamus

Dear CLERK:

    Herein, you will find Petitioner's above stated documents to be filed seeking
relief of the Court via Mandamus to compel trial court duty that is Ministerial,
and Petitioner has no other remedy available.

    Please file and present to the COURT. Also please return to me a copy with
your stamp marked filed in the COURT, please? I have placed inside Postage.


                        Emphatically,



                    LORD HARLECH OSBY
                    1430910-TDCJ CID No.

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk


RECEIVED
AUG 1 2 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

<1>

## table of cases

Code of Criminal Procedure Article 11.07 §4(a)(1)(2)

Exparte Harrington                      310 s.w.3d 452

Ex Parte Evans                     964 s.w.2d 645

Ex Parte Torres                   943 s.w.2d 469

Ex Parte Whiteside             12 s.w.3d 819

Ex Parte Mc pherson           32 s.w.3d 860

Government Code     22.221(b)

Texas Constitution Article -5 §6

Texas Constitution Article I §3,13,16,19

United States Constitution Bill of Rights

## TABLE OF CONTENTS

| | |
|---|---|
| I. | Motion for Leave |
| 1. | Petition for Writ of Mandamus |
| 1. | Statement of Case |
| 2. | Procedural History |
| 2. | Grounds for Relief |
| 3. | Argument & Authorities |
| 4. | Summary |
| 4. | Prayer |

< >

# IN THIRD
## COURT OF APPEALS
### AUSTIN, TEXAS

## In RE:LORD HARLECH OSBY
### Relator

## VS.

## PRESIDING JUDGE

## 27 - JUDICIAL DISTRICT
### BELL COUNTY, TEXAS
### Respondent

---

## MOTION FOR LEAVE TO FILE PETITION
## FOR WRIT OF MANDAMUS

---

**HONORABLE COURT:**

Now comes LORD HARLECH OSBY, TDCJ-CID No.1430910, W.J.Estelle Unit, Huntsville, Texas, 77320-3322, this his Motion for leave to file Petition for Mandamus, as this is an extraordinary case that requires the Court of Appeals to excercise original jurisdiction as Petitioner has no other remedy at Law, to compel 27th JUDICIAL DISTRICT JUDGE to comply with Code of Criminal Procedure -Article 11.07, and subsections, governing his first and only challenge to conviction in Cause No.38,597-C, 27th District Judge dismissed said Application as successive under Articl - 11.07§4(a),(1)(2), on May 27,2015; Petitioner has no other remedy at Law.

Respectfully Submitted,

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk



_____
In Propria Persona

I.

IN THE THIRD

COURT OF APPEALS
AUSTIN, TEXAS

In RE: LORD HARLECH OSBY
Relator

Vs.

PRESIDING JUDGE
27 - JUDICIAL DISTRICT COURT
BELL COUNTY, TEXAS
Respondent

RECEIVED
AUG 1 2 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

PETITION FOR WRIT OF MANDAMUS

HONORABLE COURT:

Now comes, LORD HARLECH OSBY, TDCJ-CID No.1430910, W.J.Estelle unit, HUNTSVILLE, TEXAS, 77320-3322, this his petition for Mandamus relief in Cause no.38,597-C, a Article-11.07 proceeding, The Court of Appeals has original jurisdiction to issue Writs of Mandamus Article-5,§6-Texas Constitution, and Texas Government Code - 22.221(b).

STATEMENT OF CASE

Petitioner seeks Mandamus relief from the court as there is no other remedy available at Law. On May 27,2015, 27th District Court Judge, dismissed Petitioner's Application for writ of Habeas Corpus - Article -11.07, as a successive writ-11.07§4(a)(1)(2). Petioner's Cause No. 38,597-C, was his first "challenge to the conviction", as defined in core case law. Trial court dismissed based on lack of jurisdiction under 11.07§4(a)(1)(2), to here the Application. Petitioner herein, seeks Mandamus relief to compel 27th District Judge to comply with Mandatory procedures of 11.07 - and subsections to resolve The complained of United States Constitutional violations via testimony, Affidavit, and or Bench warrant in order that Petitioner can provide any necessary proofs in support.

<1>

## PROCEDURAL HISTORY

Petitioner avers that FR-38,597-C, WR-48,960-06, is his third Habeas application. However, Cause no. 38,597-A,WR-48,960-02 was seeking relief from Parole violation as the record reflects. It was filed on May 16, 2001(denied). On September 26, 2007, the FR-38,597-B,WR-48,960-03, was denied,/ the 27th District Court Judge Martha Trudo, dismissed the writ as successive under 11.07§4 (a)(1)(2), ignoring the fact that 38,597-A, never challenged the conviction as defined under Law. On May 27,2015, 38,597-C was filed and dismissed by the 27th District Court as successive under Article 11.07§4(a)(1)(2), both 38,597-B and 38,597-C were "challenges to the conviction", as defined but were dismissed as "successive" under 11.07§4(a) (1)(2), Petitioner filed Petition for Discretionary review, and the Court has stated that under Jacolos v.State,692 s.w.2d 724(Tex.Cr.App 1985) no Petition can be filed from such a decision. on July 24,2015. Petitioner also states that on June 6, 1990, he received 22-years confinement as a sentence by then trial Judge Joe Carroll (27th District) Although he has discharged the sentence as of 2013, he suffers from the "collateral consequence" of the conviction in that the complained of 38,597, was used to enhance the current holding case he under now 2005CR-8108/Bexar County,Texas, originally a second-degree felony after enhancement became 60-years confinement.

## GROUNDS FOR RELIEF

I. Relator seeks Mandamus to compel the Presiding Judge 27th JUDICIAL DISTRICT, to comply with the CODE OF CRIMINAL PROCEDURE, Article - 11.07, and subsections, for the resolution of Application for writ of Habeas Corpus Petitioner has filed in Cause No.38,597-C, or in the alternative grant petitioner opportunity to file another application.

II. Compel 27th District Court to examine the record > 2005CR-8108/Bexar County,Texas, wherein cause no. 38,597 was used to enhance as a repeater listed on the Indictment of Cause no.2005CR-8108, or in the alternative allow petitioner to hand deliver proof to the Court of the Indictment, as the petitioner has discharged the sentence the proof would satisfy that he suffers a collateral consequence as a result of the conviction.

III. Relator apologizes that before the foregoing two grounds can be granted the 27th District Judge must determine whether FR-38,597-A,WR-48,960-02, was an attack or "challenge to the conviction", as defined by COURT OF CRIMINAL APPEALS, in Ex Parte EVANS, 964 s.w.2d 645, Relator seeks an order from the Court Ordering

<2>

the 27th District Court to determine whether 38,597-A, "challenged the conviction" as defined in the core case law, and if it is found in Petitioner's favor, then comply with the Due process inherent in the Article-11.07 and subsections, to designate the issues, and then resolve them as the evidence concludes.

IV. Relator seeks an order from this Court to Compel the District Court to hold an evidentiary Hearing to determine if FR-38,597-A was a "challenge to the conviction", and allow Relator to produce facts in support of his position that it was not a "challenge to the conviction".

V. Relator seeks additional Mandamus relief to compel the District Clerk to send to Relator the requested copy of his FR-38,597-C, stamped "filed" with the Clerk's date and time stamp on it. Relator requested this from District Clerk and she has never complied as per rules stipulate, and Relator has no remedy available.

VI. Relator seeks all relief that Court of Appeals deems is relevant is determining whether 27th JUDICIAL DISTRICT COURT JUDGE, has abused his discretion when he granted the State's motion to dismiss Relator's FR-38,597-C Application for writ of Habeas Corpus on May 27, 2015.

<center>ARGUMENT</center>

<center>&</center>

<center>AUTHORITIES</center>

Relator incorporates the records 38,597-A,38,597-B,and 38,597-C, for reference in support of the facts. The core law as precedent on the issue appear to be clear: Ex Parte Evans,964 s.w.2d 645, Ex Parte Torres, 943 s.w.2d 469, Ex Parte Whiteside,12 s.w.3d 819, Ex Parte McPherson, 32 s.w.3d 860, it is well established, what amounts to a "challenge to the conviction", that would warrant a dismissal of a successive writ under Article-11.07§4(a)(1), but not (2), as Relator in his application has as a "Ground four" (2)- which states:"no rational juror could have faound him guilty beyond a reasonable doubt, but for a Constitutional violation". On page-2 of District Court's findings and conclusions of law#12- the Court immediately went to the burden of proof being placed on Relator to prove that a claim was or was not available whenhe submitted his previous application, without allowing Relator to "prove it". However the burden in this case is a strawman as there is no place in the provided Application to satisfy 11.07§4(a)(1). Relator states 38,597-B was dismissed by 27th District Court under 11.07§4, and now the complained of 38,597-C has been dismissed as well. The District can find in no record where a "challenge to the conviction", exist in the record(s) of 38,597-A. It appears the 27th District Court has suspended

<center>&lt;3&gt;</center>

the Writ of Habeas Corpus for Relator in this Cause, which is a Denial of a United States Constitutional right and the Texas Constitution as well. As the Court has Dismissed two attempts to "challenge the conviction", based on a rule of Law contrary to what the Court of Appeals has decided on the same issue, and have ruled in a way that calls for the Court of Appeals to excercise its' Power of supervision, to cure what appears as an Abuse of Discretion by the 27th District Court Presiding Judge.

## SUMMARY

In summary, Relator reiterates that 38,597-A was Relator seeking relief from an unjust Parole violation, 38,597-B was a "challenge to the conviction", but was Dismissed under 11.07§4, by the 27th District Court, now 38,597-C has been dismissed again under 11.07§4, by the same Trial Court, Relator has not had Day. and suffers a collateral consequence of having been convicted in Cause no.38,597, in that it was used to enhance his current holding case of 2005-CR-8108/Bexar County,Tx.

Relator seeks Mandamus relief to compel the 27th District Court to afford him the Due Process inherent in the Code Criminal Procedure-Article-11.07, and subsections procedure.

## PRAYER

Further relief Relator prayeth not.